IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CLINTON STRANGE,

    Plaintiff,

v.                                                           Case No. 2:19-cv-2494-MSN-atc

SHANA RENEE DAVIS,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION AS TO DAMAGES**

---

Before the Court is Magistrate Judge Christoff's Report and Recommendation As To Damages entered February 17, 2023 (ECF No. 25, "Report"). The Report recommends that Plaintiff be awarded $500 in damages as a result of Defendant's violations of the federal and Louisiana anti-spoofing laws. For the reasons set forth below, the Report is **ADOPTED**, and default judgment will be entered in favor of Plaintiff in the amount of $500.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

The Magistrate Judge issued her Report on February 17, 2023. The Report warned that objections were due within 14 days and failure to object may constitute a waiver of objections, exceptions, and any further appeal. To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has

reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report in its entirety.

## **CONCLUSION**

For the reasons set forth above, the Report is **ADOPTED**. Default judgment in the amount of $500 will be entered in favor of Plaintiff as statutory damages under the Telephone Consumer Protection Act for Counts III, IV, IX, and X.

**IT IS SO ORDERED**, this 10th day of March, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE